**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles E. HILLIARD,**
**Defendant-Appellant.**

**No. 78–5705**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Hermel Johnson, Jackson, Miss. (Court-appointed), for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

PER CURIAM:

In this criminal appeal, appellant Charles E. Hilliard challenges the sufficiency of the evidence to support his conviction after a jury trial of obstruction of correspondence in violation of 18 U.S.C. § 1702.[1] On September 23, 1977, the Department of the Treasury's Disbursing Center in Austin, Texas mailed a United States Treasury check for $11,222 to the Clinton Ready Mix Concrete Company in Jackson, Mississippi, in payment of some work done for the Government. The check next appeared on November 16, 1977 in the possession of appellant who deposited the check and $78 in cash in his personal account at the Deposit Guaranty Bank in Jackson, Mississippi. There was a stamped endorsement on the back of the check in the name of the "Clinton Ready Mix Concret (sic) Co." Ordinarily the bank does not accept for deposit in personal accounts checks without a personal endorsement or checks made out to companies; however, due to oversight, the check was accepted.

Because of these irregularities and a large, outstanding overdraft in Hilliard's account the bank notified its tellers not to allow any withdrawals pending an inquiry regarding the check. Appellant returned to the bank on November 17 to ask about his balance but, although the teller tried to delay him, he left without the desired information. The teller immediately informed a Postal Inspector and a Secret Service Agent who arrested Hilliard shortly thereafter. Appellant claimed that the check was given to him by a David McDaniel, who had identified himself as the owner of Clinton Ready Mix Concrete, in payment for an antique Mercedes automobile. Appellant said he had sold the car for $9,500 and had given McDaniel the difference of nearly $2,000 between the check and the selling price out of his pocket. According to Hilliard, he had purchased the car a month previously from the A. C. Salvage Company located off of State Street in Chicago, Illinois.

Terrell E. Wise, the president of Clinton Ready Mix, testified at trial that he did not know David McDaniel, that he had never purchased an antique Mercedes, that no one

---

1. 18 U.S.C. § 1702 provides in pertinent part:

Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence . . . of another . . . shall be fined no more than $2,000 or imprisoned not more than five years, or both.

in his company had received the government check, that no employee had been authorized to receive or cash the check, and that the stamp on the back of the check did not belong to his company. A Postal Inspector from Chicago testified that, after an exhaustive investigation, he had been unable to locate the A. C. Salvage Company. Finally, appellant had no papers for the Mercedes, claiming that he had given them all to McDaniel.

We conclude that the jury's verdict is supported by substantial evidence. *See Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Appellant also contends on appeal that the district court erred in failing to excuse the jury while he argued a motion to quash the indictment. Hilliard, who is represented by counsel on appeal, conducted his own defense at trial. Appellant was originally represented by counsel below but, prior to trial, he moved the court to allow his attorney to withdraw and, thereafter, waived his right to court-appointed counsel. During his cross-examination of the Government's fourth witness appellant initiated a discussion of his recently filed motion to quash the indictment. He has suggested no prejudice that might have resulted from the jury's presence during this discussion. Although the trial judge indicated that, had he known that appellant was going to pursue the matter at some length, he would have excused the jury, we find no error in the court's failure to excuse the jury on its own initiative in this case.

The judgment is, accordingly,

AFFIRMED.